Date signed March 17, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re:<br><br>**Matthew Williams,**<br><br>  Debtor. | Case No. 07-16812PM<br>**Chapter 13** |
|---|---|
| **Matthew Williams,**<br>  Movant,<br>v.<br><br>**Collington Station Homeowners Association, Inc.,**<br>  Respondent. | |

## MEMORANDUM OF DECISION

Before the court is one of the most troubling cases that it has ever encountered. The matter for decision is the Debtor's Objection to the Proof of Claim in the amount of $8,739.53 filed by Collington Station Homeowners Association, Inc. ("Collington"). The court's frustration may be apparent from two memoranda to the parties filed in this case. (Doc. #43 and #54). The case presents a conflict between a debtor who appears to harbor some deeply felt conviction that he does not have the responsibility to share in the costs of running the homeowners association for his property and a law firm representing that association that runs a cottage industry fueled by charging high fees for repetitive administrative activities requiring

little, if any, legal talent.[1]  The court adopts by reference the statement of the case contained in the Memorandum filed January 16, 2008.

An aggravating factor pertaining to this matter is that even if the Debtor is successful in obtaining confirmation of his Chapter 13 Plan and makes all payments required thereunder it is obvious that World War IV will erupt between the parties on account of fees charged during the pendency of this case.  Because these fees arise after the filing of the case, their imposition does not offend 11 U.S.C. § 362(a).  If the court had the power, it would tell these parties to sit down, reach a conclusion as to the amount due in missed payments or miscellaneous charges that accrued post-petition and agree as to the timing of the payment of these items. Then Debtor would make a solemn oath that he would never, never miss or be late on another payment due Collington.  This scenario is unlikely, and the court is convinced that these parties will never resolve their differences.  Some court somewhere will be left to sort out the relationship of these two parties so long as Debtor lives in Collington.

Having carefully studied the record, the court finds that the most recent submission by Collington satisfies, for the most part, this court's questions contained on page 3 of the Memorandum filed January 16, 2008.  However, the court still must resolve the claims for compensation filed by the counsel for their services rendered Collington for the period after the date of the last District Court judgment through the filing of this bankruptcy case on July 24, 2007. For the reasons stated in the last paragraph, the court invites the parties at some point before conclusion of this case to bring the matter of post-filing fees to the court for resolution.

With respect to those fees charged after July 24, 2006, through the date of the bankruptcy filing, the court notes the following charges:

| Date | Description | Fee |
| --- | --- | --- |
| 7/31/2006 | Attorneys' Fee - Request Notice of Lien | $35.00 |
| 8/4/2006 | Attorneys' Fee - Letter Review | $25.00 |

---

[1] An example might be the charge for preparing Doc. #12, a request for electronic notice filed August 8, 2007.  This is one item where the court has absolute insight to the amount of work required for the task. Counsel's role probably was accomplished by a remark to a paralegal to prepare the boiler-plate pleading. There was a charge for this by Collington's counsel of $75.00.  This system of flat fee billing seems to have the approval of the Collington residents engaged in managing the association.

| Date | Description | |
|---|---|---|
| 8/10/2006 | Attorneys' Fee - Garnishment | $225.00 |
| 9/16/2006 | Attorneys' Fee - Garnishment 2005 | $40.00 |
| 12/14/2006 | Attorneys' Fee - Garnishment Report Set Up | $65.00 |
| 1/15/2007 | Attorneys' Fee - Garnishment Report | $35.00 |
| 2/2/2007 | Attorneys' Fee - NOI Letter | $250.00 |
| 4/16/2007 | Attorneys' Fee - Lien Review | $150.00 |
| 7/1/2007 | Attorneys' Fee - Foreclosure Letter | $45.00 |
| 7/24/2007 | Attorneys' Fee - Final Warning Letter | $175.00 |
| | *Total* | *$1,045.00* |

| Date | Description | Costs |
|---|---|---|
| 8/4/2006 | Collection Costs - Credit Report | $20.00 |
| 9/1/2006 | Collection Costs - Garnishment 2005 | $110.00 |
| 1/22/2007 | Collection Costs - Fax | $2.25 |
| 1/23/2007 | Collection Costs - Title Search | $40.00 |
| 2/2/2007 | Collection Costs - Property Posting | $50.00 |
| 2/6/2007 | Collection Costs - Fax | $0.75 |
| 2/13/2007 | Collection Costs - Fax | $1.50 |
| 4/16/2007 | Collection Costs - Lien | $130.00 |
| 4/16/2007 | Collection Costs - HOA Tax | $6.60 |
| 4/16/2007 | Collection Costs - Copies | $13.00 |
| 7/24/2007 | Collection Costs Adjustment - Garnishment | $40.00 |
| | *Total* | *$414.10* |

These fees and costs will be allowed only after application therefor and approval thereof.

    An appropriate order will be entered.

cc:    Laura J. Margulies, Esquire
       6205 Executive Blvd.
       Rockville, Maryland 20852

       Matthew Williams
       14906 Jensford Court
       Bowie, Maryland 20721

-4-

Nancy L. Spencer-Grigsby
Chapter 13 Trustee
P.O. Box 958
Bowie, Maryland 20718

Elmore & Throop, P.C.
Ellen W. Throop
P.O. Box 1473
5 Riggs Avenue
Severna Park, Maryland 21146

**End of Memorandum**